# **EXHIBIT D**

CAUSE NO. CV-00683-23-11

| | | |
|---|---|---|
| BRADLEY SMITH and | § | IN THE ___ JUDICIAL DISTRICT |
| WALTER MATTHEWS | § | |
| *Plaintiffs,* | § | 159th/217th |
| | § | |
| VS. | § | |
| | § | COURT OF |
| T.E.A.M. LOGISTICS SYSTEMS, INC. | § | |
| And | § | |
| TERRY N. MARSHALL | § | |
| *Defendants.* | § | ANGELINA COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Plaintiffs, Bradley Smith and Walter Matthews, complaining of T.E.A.M. Logistics Systems, Inc. and Terry N. Marshall, Defendants, and for cause of action would show the Court the following:

**1.**
**DISCOVERY CONTROL PLAN AND NOTICE OF REQUIRED DISCLOSURES**

Discovery in this case is intended to be conducted under Level III of Rule 190.4 of the Texas Rules of Civil Procedure. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, notice is hereby provided that Defendants are required to disclose the information and documents listed in Rule 194.2(b)(1)-(12) of the Texas Rules of Civil Procedure within thirty (30) days of the first answer or general appearance filed in this matter.

**2.**
**PARTIES**

Plaintiff Bradley Smith is a resident of Angelina County, Texas. The last three numbers of Plaintiff's driver's license number are 510 and the last three numbers of Plaintiff's social security number are 736.

Plaintiff Walter Matthews is a resident of Angelina County, Texas. The last three numbers of Plaintiff's driver's license number are 922 and the last three numbers of Plaintiff's social security number are 642.

Defendant T.E.A.M. Logistics Systems, Inc. is a Canada Corporation conducting business in Texas and can be served with citation through its registered agent for service Truck Process Agents

of America, Inc. at 3333 Preston Rd., Ste. 300 PMB1248, Frisco, Texas 75034 or wherever their agents may be found.

Defendant Terry N. Marshall is a resident of Ontario, Canada and can be served with citation at 230 Etienne Rd., Fauquier-Strickland, Ontario P0L 1G0 Canada or wherever he may be found.

### 3.
### JURISDICTION AND VENUE

This Court has jurisdiction of this cause because the Plaintiffs' damages are within the jurisdictional limits of this Court.

Defendants had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendants. Plaintiffs would further show that their cause of action against Defendants arose from their continuous and systematic contacts with the State of Texas.

Venue is proper in Angelina County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) in that all or a substantial part of the events or omissions giving rise to the claim occurred in Angelina County, Texas.

### 4.
### REQUEST PURSUANT TO RULE 28 AND MISNOMER

To the extent that any Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against that Defendant pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiffs hereby demands that upon answer to this suit, each Defendant answer in its correct legal and assumed name.

Plaintiffs expressly and specifically invoke their right under Rules 28 and 71 of the Texas Rules of Civil Procedure to have the true name of Defendants substituted at a later time upon motion of any party or the Court.

### 5.
### FACTUAL ALLEGATIONS

On or about February 20, 2023, Plaintiffs Bradley Smith and Walter Matthews were southbound in the outside lane of U.S. Highway 59, Diboll, Angelina County, Texas in a 2005 Toyota Tundra pickup towing a Highlander trailer loaded with a flat bottom boat. Plaintiffs were traveling behind Steven Kelley who was also southbound in the outside lane of U.S. Highway 59, Diboll, Angelina County, Texas in a pickup truck. Defendant Terry N. Marshall was also southbound in the outside lane of U.S. Highway 59, Diboll, Angelina County, Texas directly behind Plaintiffs' truck in a 2020 Volvo truck tractor towing a 2005 Stoughton Trailers Inc. trailer while in the course and scope of his employment with Defendant T.E.A.M. Logistics Systems, Inc. Suddenly and unexpectedly, Steven Kelley began to turn right onto Maynard Street, so Plaintiffs immediately reduced their speed, applied

the brakes, and moved into the right shoulder to avoid colliding into Steven Kelley's truck. Defendant Terry N. Marshall was not following at a safe distance and therefore failed to control his speed and crashed violently into Plaintiffs' trailer which then pushed the boat into the cab of Plaintiffs' truck. As a result of the collision, Plaintiffs suffered serious and incapacitating injuries.

**6.**
**CAUSES OF ACTION**

At the time and on the occasion described above, Defendant Terry N. Marshall was guilty of the following acts of negligence:

1. SEC. 545.401 - DRIVING IN A RECKLESS MANNER  (a), states "Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving."
2. SEC. 545.351 – MAXIMUM SPEED REQUIREMENT.
    a. An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.
    b. An operator:
        i. May not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing; and
        ii. Shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.
    c. An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:
        i. The operator is approaching and crossing an intersection or railroad grade crossing;
        ii. The operator is approaching and going around a curve;
        iii. The operator is approaching a hill crest;
        iv. The operator is traveling on a narrow or winding roadway; and
        v. A special hazard exists with regard to traffic, including pedestrians, or weather or highway conditions.
3. SEC. 545.062 – FOLLOWING DISTANCE. (a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.
4. SEC. 545.4251 – USE OF PORTABLE WIRELESS COMMUNICATION DEVICE FOR ELECTRONIC MESSAGING
    a. In this section:

      i. "Electronic message" means data that is read from or entered into a wireless communication device for the purpose of communicating with another person.
      ii. "Wireless communication device" has the meaning assigned by Section 545.425.
   b. An operator commits an offense if the operator uses a portable wireless communication device to read, write, or send an electronic message while operating a motor vehicle unless the vehicle is stopped.
5. Failure to maintain knowledge and understanding of state and federal motor carrier safety regulations pertaining to procedures for safe vehicle operations in violation of 49 C.F.R. § 383.111;
6. Failure to remain attentive to the road and conditions because awareness was redirected to talking on cell phone, texting or emailing, taking selfies, updating and/or checking social media and vaping and/or smoking while driving.

Each of the above-described acts of negligence was a proximate cause of the occurrence in question and resulting injuries and damages to the Plaintiffs.

## 7.
## NEGLIGENT ENTRUSTMENT

At the time and on the occasion, above-described, Defendant T.E.A.M. Logistics Systems, Inc. was independently guilty of the following acts of negligence:

1. Defendant T.E.A.M. Logistics Systems, Inc. owed a duty to the public at large, and to the Plaintiffs specifically, upon entrusting one of the company's vehicles to be driven by Defendant Terry N. Marshall to not allow an incompetent or reckless driver to operate said vehicle. Defendant T.E.A.M. Logistics Systems, Inc. knew, or in the exercise of reasonable care, should have known, that their driver, Terry N. Marshall, was an incompetent and/or reckless driver. As shown above, Terry N. Marshall was negligent in the operation of the vehicle owned and/or operated by T.E.A.M. Logistics Systems, Inc. and its negligence in entrusting the vehicle to Terry N. Marshall was the proximate cause of the accident because T.E.A.M. Logistics Systems, Inc. could have reasonably anticipated that an injury would result as a natural and probable consequence of the entrustment.

## 8.
## NEGLIGENT HIRING, SUPERVISING, TRAINING & RETENTION

Defendant T.E.A.M. Logistics Systems, Inc. owed a duty to exercise reasonable care to the public at large, and to Plaintiffs specifically, when hiring Terry N. Marshall to make sure that he was competent and fit employee to drive a vehicle owned and/or operated by T.E.A.M. Logistics Systems, Inc.. Furthermore, T.E.A.M. Logistics Systems, Inc. owed a duty of ordinary care to the public at large, and to Plaintiffs specifically, to adequately supervise and train Terry N. Marshall and a duty to

exercise ordinary care in retaining him, which includes the duty to remain knowledgeable about his competence or fitness.

T.E.A.M. Logistics Systems, Inc. breached its duty by failing to use ordinary care in hiring, supervising, training and retaining Terry N. Marshall.  Such breaches include, but are not limited to, failure to maintain reasonable or reliable practices, policies, or procedures to ascertain whether Terry N. Marshall was fit and competent to operate a commercial motor vehicle in violation of Section 391.25 of the Federal Motor Carrier Safety Regulations (Annual inquiry and review of driving record).

T.E.A.M. Logistics Systems, Inc.'s breach proximately caused the Plaintiffs' injuries.

## 9.
## NEGLIGENCE PER SE

The actions and conduct of Defendants, set out in Paragraph 6, are in violation of the traffic laws contained in Chapter 545 of the Texas Transportation Code and Title 49 of Code of Federal Regulations Subchapter B, Part 383, which constitute negligence per se, for which the Plaintiff intends to rely on at the trial, as said negligence per se is a proximate cause of the occurrence in question and resulting damages and injuries to the Plaintiffs.

## 10.
## GROSS NEGLIGENCE

The wrong done by Defendants and/or their agents, servants, and officers was aggravated by the kind of conduct for which the law allows imposition of exemplary damages, in the Defendants' conduct, when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

## 11.
## DAMAGES FOR PLAINTIFF BRADLEY SMITH

As a result of the above-described negligence and negligence per se, Plaintiff Bradley Smith has been injured in the following respects:
   a. Past physical pain, suffering, and mental anguish;
   b. Physical pain, suffering, and mental anguish;
   c. Hospital, medical, doctor, ambulance and pharmaceutical bills incurred in the past;
   d. Hospital, doctor, medical, and pharmaceutical bills which the Plaintiff will, in all reasonable medical probability, incur in the future;
   e. Physical impairment to the person of the Plaintiff that has been incurred in the past;

   f. Physical impairment to the person of the Plaintiff which, in all reasonable medical probability, he will suffer in the future;
   g. Loss of earnings in the past;
   h. Loss of earning capacity in the future;
   i. Physical disfigurement that said Plaintiff has suffered in the past;
   j. Physical disfigurement that Plaintiff will, in all reasonable medical probability, suffer in the future;
   k. Loss of enjoyment of life in the past; and
   l. Loss of enjoyment of life which, in all reasonable probability, will be incurred in the future.

## 12.
## DAMAGES FOR PLAINTIFF WALTER MATTHEWS

As a result of the above-described negligence and negligence per se, Plaintiff Walter Matthews has been injured in the following respects:
   a. Past physical pain, suffering, and mental anguish;
   b. Physical pain, suffering, and mental anguish;
   c. Hospital, medical, doctor, ambulance and pharmaceutical bills incurred in the past;
   d. Hospital, doctor, medical, and pharmaceutical bills which the Plaintiff will, in all reasonable medical probability, incur in the future;
   e. Physical impairment to the person of the Plaintiff that has been incurred in the past;
   f. Physical impairment to the person of the Plaintiff which, in all reasonable medical probability, he will suffer in the future;
   g. Loss of earnings in the past;
   h. Loss of earning capacity in the future;
   i. Physical disfigurement that said Plaintiff has suffered in the past;
   j. Physical disfigurement that Plaintiff will, in all reasonable medical probability, suffer in the future;
   k. Loss of enjoyment of life in the past; and
   l. Loss of enjoyment of life which, in all reasonable probability, will be incurred in the future.

## 13.
## DOCTRINE OF RESPONDEAT SUPERIOR

At the time of the collision in question, Defendant Terry N. Marshall was an agent, servant and employee of T.E.A.M. Logistics Systems, Inc. was in the course and scope of his employment at the time he collided into Plaintiffs on the date in question. Specifically, Plaintiffs will show that Defendant T.E.A.M. Logistics Systems, Inc. had the right to control of all the activities of Defendant Terry N. Marshall at all times material hereto and that these activities included driving the vehicle involved in the collision in question. Accordingly, Defendant Terry N. Marshall was in the course and scope of his employment with T.E.A.M. Logistics Systems, Inc. at the time of the collision in question,

and therefore, Defendant T.E.A.M. Logistics Systems, Inc. is responsible for all of Plaintiffs' damages under the doctrine of respondeat superior.

## 14.
## INTEREST

Plaintiffs hereby seek all pre-judgement and post-judgement interest in the maximum amounts as allowed by law on each separate and individual element of damage.

## 15.
## PLAINTIFFS' LIFE EXPECTANCY

According to the United States Life Tables, 2020 National Vital Statistics Reports; Vol. 71, No. 1, Plaintiff Bradley Smith has a life expectancy of 37.4 years, and Plaintiff Walter Matthews has a life expectancy of 33.1 years. Plaintiffs intend to use a certified copy of the United States Life Tables, 2022 National Vital Statistics Reports; Vol. 71, No. 1, and offer same into evidence at the time of trial.

## 16.
## REQUEST FOR JURY TRIAL

Plaintiffs hereby request a trial by jury.

## 17.
## TRCP RULE 193.7 NOTICE

Pursuant to Texas Rules of Civil Procedure Rule 193.7, Plaintiffs intend to use all documents produced by the Defendants as authenticated documents.

## 18.
## REQUEST FOR PRESERVATION

The Defendants are hereby given notice that any document, other material, or item, including but not limited to: statements, photos, video, audio, surveillance or security recordings, emails, voicemails, text messages or other electronically stored information, business or medical records, incident reports, periodic reports, financial statements, bills, call slips or records, estimates, invoices, checks, measurements, correspondence, faxes, or other information that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## 19.
## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully pray that upon final hearing they each obtain judgement against Defendants T.E.A.M. Logistics Systems, Inc. and Terry N. Marshall for the injuries and damages sustained by Plaintiffs. Plaintiffs' damages are substantial and many elements of damage, including pain, suffering and mental anguish in the past and future, past and future physical impairment, and future lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damage is

peculiarly within the province of the jury, therefore, Plaintiffs will rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate them. However, in order to comply with Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over One Million and No/100 dollars ($1,000,000.00); for pre-judgment interest; for all costs of suit, and for such other and further relief, general and special, legal and equitable, to which they may be entitled to receive.

Respectfully submitted,

**BADDERS LAW FIRM, P.C.**
302 South Bynum
Lufkin, Texas 75904
(936) 632-9377 TELEPHONE
(936) 632-6953 FAX

/s/ Mari Badders
Jeff B. Badders
SBN 01496850
badders@badderslaw.com
Mari E. Badders
SBN 24100030
Mariko.badders@badderslaw.com
*Attorneys for Plaintiffs*

*7145   Petition*
*Smith, et al v. T.E.A.M. Logistics Systems, Inc., et al*